THE STATE v. DOTSON, *Appellant.*

Division Two, May 2, 1893.

Criminal Law: REVIEW ON APPEAL. The record in a criminal cause will be examined on appeal, although the defendant files no brief or assignment of errors.

*Appeal from Shannon Circuit Court.*—HON. W. N. EVANS, Judge.

AFFIRMED.

*R. F. Walker,* Attorney General, for the state.

(1) The indictment is sufficient. It follows the language of the statute. Revised Statutes, 1889, sec.

3498; *State v. White*, 76 Mo. 96; *State v. Crooker*, 95 Mo. 389. (2) It was unnecessary to instruct the jury upon the question of defendant's intent. *State v. White, supra.* Or to define the words "feloniously" or "willfully." *State v. Snell*, 78 Mo. 242; *State v. Harkins*, 100 Mo. 666; *State v. Doyle*, 107 Mo. 36. The instructions fairly present the issues suggested by the indictment and the evidence, and correctly declare the law applicable to the case. (3) The testimony clearly establishes the defendant's guilt, and was sufficient to authorize the trial court in submitting the case to the jury. This being true, and the jury having found defendant guilty upon the testimony, the verdict will not be disturbed, unless it clearly appears that the jury was actuated by passion or prejudice. *State v. Musick*, 71 Mo. 101; *State v. Gann*, 72 Mo. 374; *State v. Hammond*, 77 Mo. 158; *State v. Hicks*, 92 Mo. 432; *State v. Lowe*, 93 Mo. 547.

GANTT, P. J.—The defendant was indicted by the grand jury of Shannon county, under section 3498, Revised Statutes, 1889, for abandonment of her infant babe, and found guilty.

The counsel for defendant have filed no brief or assignment of errors. As in duty bound, we have examined the record. The indictment is sufficient. Defendant was duly arraigned, and the cause proceeded according to the forms of law in every respect. The evidence amply sustained the charge. The instructions were carefully drawn, and those in behalf of the defendant gave her the benefit of every presumption and guarantee afforded by our laws for her protection. The jury gave her the minimum punishment.

As no error appears in the record, the judgment is affirmed. BURGESS and SHERWOOD, JJ., concur.